IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEDAWN STEWART        Plaintiff,  v.  EARL EASH and  THE OHIO FLOOR COMPANY  SERVICES, INC.        Defendants. | DOCKET NO.:  CIVIL ACTION |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, Defendants Earl Eash and The Ohio Floor Company Services, Inc. (hereinafter "Ohio Floor"), hereby file the instant Notice of Removal. Defendant seeks to removal of this case from the Philadelphia County Court of Common Pleas, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Defendants state the following in support of their Notice of Removal:

### CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about November 29, 2022, Plaintiff served Defendant Ohio Floor with a Complaint which was filed on November 18, 2022 in the Philadelphia County Court of Common Pleas, case ID: 221101964. A copy of the Complaint is attached hereto as Exhibit A.

2. Plaintiff alleges that she suffered permanent disability and impairment stemming from a motor vehicle accident that occurred on or about December 1, 2020. Ex. A, ¶¶4, 15.

3. Plaintiff alleges that the Defendant Eash was the driver at fault for the accident, and further alleges that Mr. Eash was driving a vehicle owned by Defendant Ohio Floor. Ex. A, ¶¶ 6, 8, 10.

4. Plaintiff is a resident of the Commonwealth of Pennsylvania. Ex. A, ¶ 1.

5. Defendant Eash resides in the State of Ohio. Ex. A, ¶2.

6. Defendant Ohio Floor is a corporation doing business under Ohio law, registered in the State of Ohio. Ex. A, ¶3.

7. Plaintiff's Complaint seeks judgment against Defendants in an amount in excess of the $50,000 compulsory arbitration limits. See Ex. A, Wherefore Clauses.

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The United States District Court for the Eastern District of Pennsylvania is the appropriate Court in which to file this Notice of Removal because the State Court Action is pending in Philadelphia County, Pennsylvania. See 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

10. There is complete diversity of citizenship between the parties.

11. Plaintiff is a resident of Pennsylvania, residing at 8235 Williams Avenue, Philadelphia, PA. Ex. A ¶1

12. Defendant Earl is a resident of Ohio, residing at 8552 County Road, Millersburg, OH. Ex. A, ¶2.

13. Defendant Ohio Floor exists under the laws of Ohio, with its principal place of business at 9600 County Road, Shreve, OH. Ex A, ¶3.

14. Thus, the Plaintiff in this case is of diverse state citizenship from both Defendants.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. Consistent with Pennsylvania law, Plaintiff does not quantify the exact amount of damages she seeks to recover in this case. Plaintiff's factual allegations, however, are of a nature sufficient to show that she seeks an amount in excess of $75,000.00.

   a. The Complaint demands an amount in excess of the $50,000 compulsory arbitration limits for Philadelphia County, and is filed as a "Major Jury" case (Ex. A, *passim*);

   b. Plaintiff alleges past, present, and future "great pain and suffering" stemming from her injuries (Ex. A, ¶ 14);

   c. Those injuries are alleged to include multiple herniations, traumatic brain injury, derangement of her left shoulder, bilateral knee contusions, sprains to her wrists, and generalized damage to her central nervous system (Ex. A, ¶13.);

   d. Plaintiff alleges permanent disability and impairment (Ex. A, ¶ 15);

   e. Plaintiff alleges past and future loss to her earnings (Ex. A, ¶¶ 15, 18);

16. Based upon the foregoing, it is apparent that Plaintiff's damages will exceed $75,000.

17. Because the pleadings may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy,' '[a] defendant's notice of removal then serves the

same function as the Complaint would in a suit filed in federal court.'" Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. N.J. 2006).

18. Where a federal cause of action is based on diversity jurisdiction, the Complaint must allege an amount in controversy between the parties in excess of the statutory minimum. See 28 U.S.C. § 1332(a); Golden v. Golden, 382 F.3d 348, 354-355 (3d Cir. Pa. 2004). The amount need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 6 L. Ed. 2d 890, 81 S. Ct. 1570 (1961); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 82 L. Ed. 845, 58 S. Ct. 586 (1938); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995).

19. Defendant denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the pleadings attached hereto as Ex. A demonstrate an amount in controversy in excess of $75,000.

20. Given the complete diversity of the real parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441.

## OTHER ISSUES

21. This Notice of Removal is timely filed. See 28 U.S.C. § 1446(b).

22. Both named Defendants consent to the removal of this matter from the Philadelphia County Court of Common Pleas to this Court.

23. This Notice of Removal has been served on Plaintiff's counsel.

24. The undersigned counsel hereby certifies that there are no hearings set before the Court of Common Pleas, Philadelphia County, Pennsylvania from which this case is removed, and all relevant pleadings and process files therein are attached hereto.

## CONCLUSION

Because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332. Defendants are therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441.

**Wherefore**, Defendant requests that the action now pending before the Court of Common Pleas, Philadelphia County, Pennsylvania, ID No.: 221101964, be removed to this Court.

        **Respectfully submitted,**

        **Stickley Law, LLC**

Dated: 12/13/2022        By: *Robert S. Stickley*

        Robert S. Stickley
        Identification No. 80849
        90 S. Newtown Street Rd. Suite 11
        Newtown Square, PA 19073
        T: 484.420.4184
        rstickley@stickley.law
        Attorneys for Defendants Earl Eash and
        The Ohio Floor Company Services, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEDAWN STEWART<br><br>      Plaintiff,<br>v.<br><br>EARL EASH and<br>THE OHIO FLOOR COMPANY<br>SERVICES, INC.<br><br>      Defendants. | DOCKET NO.:<br><br>CIVIL ACTION |

## CERTIFICATE OF SERVICE

I, Robert S. Stickley, do hereby certify that a true and correct copy of the foregoing Notice of Removal was served on all counsel of record via regular mail and email on the date indicated below and to the office indicated below:

Sacchetta & Baldino
Gerald B. Baldino, Jr., Esquire
Gerald B. Baldino, III, Esquire
308 East Second Street
Media, PA 19063
jerry@sbattorney.com

Stickley Law, LLC

Dated: 12/13/2022

By: *Robert S. Stickley*

Robert S. Stickley
Identification No. 80849
90 S. Newtown Street Rd., Suite 11
Newtown Square, PA 19073
T: 484.420.4184
rstickley@stickley.law
Attorneys for Defendants Earl Eash and
The Ohio Floor Company Services, Inc.

Exhibit A

| | |
|---|---|
| SACCHETTA & BALDINO<br>By: Gerald B. Baldino, Jr., Esquire<br>Attorney I.D. No. 55624<br>Gerald B. Baldino, III, Esquire<br>Attorney I.D. No. 326111<br>308 East Second Street<br>Media, PA 19063<br>610-891-9212 | *This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is not required.*<br><br>Attorney for Plaintiff |

| | |
|---|---|
| LEDAWN STEWART<br>8235 Williams Avenue<br>Philadelphia, PA 19150<br>　　　　　　Plaintiff,<br>vs.<br><br>EARL EASH<br>8552 County Road<br>Millersburg, OH 44654<br>　and<br>THE OHIO FLOOR COMPANY SERVICES, INC.<br>9600 County Road<br>Shreve, OH 44676<br>　　　　　　Defendants. | COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br>CIVIL ACTION - LAW<br><br>Major Jury<br><br><br>NO. |

## COMPLAINT

1. Plaintiff Ledawn Stewart is an adult individual residing at 8235 Williams Avenue, Philadelphia, PA 19150.

3. Defendant, Earl Eash, is an adult individual and resident of the State of Ohio, residing at 8552 County Road, Millersburg, OH 44654.

3. Defendant The Ohio Floor Company Services, Inc. is an entity existing and doing business under the laws of the State of Ohio with a registered business address of 9600 County Road, Shreve, OH 44676.

4. The facts and occurrences relevant hereto took place on or about December 1, 2020 at or about the intersection of Upsal Street and Williams Avenue in Philadelphia, Philadelphia County, Pennsylvania.

Case ID: 221101964

5. At the aforesaid time and place, Plaintiff, Ledawn Stewart, was the driver of her 2006 Toyota Camry, Pennsylvania Registration Number HMP4611, traveling southbound on Williams Avenue.

6. At the aforesaid time and place, defendant Earl Eash, was operating his motor vehicle, a 2016 Ford Transit van, Ohio Registration PJQ4521, westbound on Upsal Street.

7. At the aforesaid time and place, plaintiff was properly traveling southbound on Williams Avenue with a green traffic signal when Defendant Earl Eash was negligent in the operation of his vehicle in that he proceeded through a steady red traffic signal and otherwise failed to yield the right of way, resulting in a severe and violent collision and causing Plaintiff to suffer serious and permanent bodily injuries.

8. Upon information and belief, 2016 Ford Transit van owned by Defendant The Ohio Floor Company Services, Inc. was operated by Defendant Earl Eash, who was acting in the course and scope of his agency or employment with defendant The Ohio Floor Company Services, Inc. and Defendant The Ohio Floor Company Services, Inc., is therefore vicariously liable for defendant Earl Eash's conduct.

9. At all times relevant hereto plaintiff maintains all full tort rights under the Pennsylvania Motor Vehicle Financial Responsibility law by virtue of his selected tort option, and/or by virtue of the nature of his tort option forms, and/or by virtue of the state of registration of defendants' vehicle and/or by virtue of the serious nature of her bodily injuries.

10. The aforesaid motor vehicle collision was caused by the negligence of the defendants, jointly and severally, and was caused in no manner whatsoever by any action or inaction on the part of plaintiff herein, and as a result of the aforesaid accident, plaintiff was caused to suffer serious and permanent bodily injuries as are more fully set forth below.

## COUNT I- NEGLIGENCE
### Plaintiff, LeDawn Stewart vs. Defendant, Earl Eash

11. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

12. The negligence and recklessness of the defendant, Earl Eash, consisted of the following:

- a) Negligently leaving his lane of travel and crossing into the opposing lane of travel;

- b) Failing to observe and obey traffic control signals;

- c) Operating his motor vehicle at an excessive rate of speed under the circumstances;

- d) Failing to have his motor vehicle under proper and adequate control;

- e) Failing to apply the brakes in time to avoid a collision;

- f) Negligently applying the brakes;

- g) Failing to operate his motor vehicle in accordance with existing traffic conditions and traffic controls;

- h) Failing to drive at a speed and in a manner consistent with keeping her motor vehicle under control;

- i) Operating his motor vehicle in a manner not consistent with the road and conditions that prevailed at the time;

- j) Operating his motor vehicle in a manner not consistent with the weather conditions that prevailed at the time;

- k) Driving his vehicle through a red traffic signal;

- l) Operating his motor vehicle in violation of Pennsylvania Motor Vehicle Code 75 Pa.C.S. Section 3112; and

- m) Operating his motor vehicle in a negligent manner and in a manner in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania.

13. As a result of the aforesaid accident, plaintiff was caused to suffer bodily injuries that include, but are not limited to, disc herniations at C2-C3 and C5-C6, concussion with post-concussion syndrome, traumatic brain injury secondary to closed head injury with postconcussion headaches, sleep disorder, and cognitive and neurobehavioral sequellae, cervical, thoracolumbar, lumbosacral, and sacroiliac musculoligamentous injury with myofascitis with microfiber musculoligamentous disruption, cervical strain, left shoulder derangement, aggravation of degenerative joint and disc disease of the cervical and lumbar spine, myofascial syndrome, cervical radiculitis, bilateral knee contusions, bilateral ligamentous sprains of the wrists, costochondritis, and injuries to the nerves and nervous system.

14. As a result of her injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

15. As a result of her injuries, plaintiff may have suffered a permanent disability and permanent impairment of her earning power and capacity.

16. As a result of her injuries, plaintiff may have suffered a permanent diminution of her ability to enjoy life and life's pleasures.

17. As a result of her injuries, plaintiff may in the future incur medical expenses and income loss which exceed sums recoverable under 75 Pa. C.S. Section 1711 *et seq.*

18. As a result of her injuries, plaintiff may have incurred non-reimbursed wage losses.

19. As a result of this collision, plaintiff may have incurred other losses, including but not limited to, property damage and a diminution of vehicle value.

20. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, Plaintiff demands judgment in their favor and against the defendants, jointly and severally, in an amount in excess of $50,000.00 and in an amount in excess of the compulsory arbitration limit of this court.

### COUNT II – VICARIOUS LIABILITY

#### Plaintiff, LeDawn Stewart vs. Defendant, The Ohio Floor Company Services, Inc.

21. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as thought fully set forth at length.

22. At all times relevant hereto, defendant Earl Eash was the agent, servant, workman and/or employee of defendant The Ohio Floor Company Services, Inc. and was at all times acting within the course and scope of such agency, service and/or employment, and therefore defendant The Ohio Floor Company Services, Inc. is vicariously liable for the subject motor vehicle accident.

WHEREFORE, Plaintiff demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of $50,000.00 and in an amount in excess of the compulsory arbitration limit of this court.

### Count III – NEGLIGENT ENTRUSTMENT

#### Plaintiff, LeDawn Stewart vs. Defendant, The Ohio Floor Company Services, Inc.,

23. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as thought fully set forth at length.

24. The negligence of the defendant, The Ohio Floor Company Services, Inc., consisted of the following:

a) Entrusting the motor vehicle and/or allowing it to be entrusted to the defendant, Earl Eash, after it knew or should have known that he was not competent to operate such motor vehicle at the time it was turned over to him; and,

b) Allowing the defendant, Earl Eash, to operate the motor vehicle in a negligent fashion, as set forth in Count I above.

WHEREFORE, Plaintiff demands judgment in their favor and against the Defendants, jointly and severally, in an amount in excess of $50,000.00, and in an amount in excess of the compulsory arbitration limit of this court.

SACCHETTA & BALDINO

By: /s/ Gerald B. Baldino, Jr.
Gerald B. Baldino, Jr., Esquire
Attorney for Plaintiff

## VERIFICATION

GERALD B. BALDINO, JR., ESQUIRE verifies that he is the attorney of record for plaintiff herein, and is authorized to make this verification on her behalf, and that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/s/ Gerald B. Baldino, Jr.
Gerald B. Baldino, Jr., Esquire
Attorney for Plaintiff

Case ID: 221101964